UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GENE DESHAWN M. WATKINS,                                               Plaintiff,

v.                                                      Civil Action No.  3:19-cv-13-DJH

WLKY,                                                                  Defendant.

* * * * *

**<u>MEMORANDUM OPINION</u>**

This is a civil action initiated by *pro se* Plaintiff Gene DeShawn M. Watkins.  Because

Plaintiff is proceeding *in forma pauperis*, the Court must review his complaint pursuant to 28

U.S.C. § 1915(e)(2).  For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff initiated this action by filing a document titled "Motion for this has inflicted

great hardship on me" (DN 1).  He then filed a completed Court-supplied general civil complaint

form (DN 4).  He names WLKY as the sole Defendant.

In the section of the complaint form which requests the basis for federal-question

jurisdiction, Plaintiff writes: "murder, grand larceny, interferin in a federal investigation,

obstruction, espionage."

In the "Amount in Controversy" section of the complaint form, Plaintiff states:

My sister was murdered and the guy who the cops said murdered her walked well
WLKY got gov equipment from the feds been havin it for 2 decades and the gov
equipment is of my house.

In the "Statement of Claim" section of the complaint, Plaintiff writes:

Well I came up w/ an active Ray NBC been readin my thought when it comes to
my gift active Ray is a lazer with an octive lense well NBC made it and the gov
been usin it on me it see threw walls and clothes well WLKY is in my house too
listenin to my thoughts.

Finally, in the "Relief" section of the complaint form, Plaintiff states:

My sister was murdered and since WLKY got bugs of my house and the feds are watchin me I won the Nobel Peace Prize Nobel Prize in medicine and I don't have a camera in my face I came up w/ inventions. I am successful real successful.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]" *Id*. "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id*. at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's allegations contain no legal theories upon which a valid federal claim may rest and are fantastic and wholly incredible. Therefore, dismissal on the basis of

frivolousness is appropriate. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

In addition, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The instant complaint meets this standard as well.

### III.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date:  January 23, 2019

**David J. Hale, Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
  Defendant
4415.011